

03 SEP -9 PM 4:42

## UNITED STATES OF AMERICA
## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JANE Z. CAO,**
as Personal Representative of the Estate of
**XIANQING CAO**, deceased; and
**JANE Z. CAO**, in her individual,

   *Plaintiffs,*

v.

**U.S. SECRET SERVICE,**
et al.,

   *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:03-CV-289

Honorable Robert Holmes Bell

**Jane Z. Cao**
Plaintiffs in Pro Se
7192 Bridlewood Circle
Portage, MI 49024
(269) 321-0084

**Allan C. Vander Laan** (P33893)
Cummings, McClorey, Davis & Acho, P.L.C.
Attorney for Defendants Portage Police Department,
Jack Bogema, Michelle Kosminski, Gregory Burke,
and Matthew Scott Barkley
2851 Charlevoix Drive, S.E., Suite 327
Grand Rapids, MI 49546
(616) 975-7470

**William Vogelzang, Jr.** (P29231)
**Robert F. Mirque, Jr.** (P47391)
Kluczynski, Girtz & Vogelzang
Attorneys for Defendants Cheryl Carlson and Beth Dawson
648 Monroe, N.W., Suite 400
Grand Rapids, MI 49503
(616) 459-0556

**Patrick A. Aseltyne** (P23293)
**Jason D. Kolkema** (P55936)
Johnson, Rosati, LaBarge, Aseltyne &
Field, P.C.
Attorneys for Defendants Kalamazoo
Sheriff's Department, Marty Johnson,
Ken Jako, James Gregart, and Carrie
Klein
303 S. Waverly Road
Lansing, MI 48917
(517) 886-3800

**Mark E. Donnelly** (P39281)
Michigan Department of Attorney General,
 Public Employment, Elections & Tort
 Defense Division
Attorney for Defendants Kalamazoo County
FIA, Don Smith, Nicole Erickson, and Heather
Hain
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

## RESPONSE TO SUMMARY JUDGMENT MOTION
## IN OPPOSITION TO THE MOTION

1

1. Motion to dismiss and/or motion for summary judgment dated August 20, 2003 has been filed by the defendants, Portage Police Department, Jack Bogema, Michelle Kozminske, Gregory Burke, and Matthew Scott Barkley pursuant to FED.R.CIV.P.12(c) and 56.

2. United States Magistrate Judge Joseph G. Scoville has ordered on August 28, 2003 the Plaintiff Jane Z. Cao to submit her response in opposition to the summary judgment motion in 28 days pursuant to FED.R.CIV.P.56.

3. The FED.R.CIV.P.56 is cited below:

   "Rule 56. Summary Judgment

   (a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

   (b) For Defending Party.  A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

   (c) Motion and Proceedings Thereon.  The motion shall be served at least 10 days before the time fixed for the hearing.  The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that **there is NO genuine issue as to ANY material fact and that the moving party is entitled to a judgment as a matter of law.**  A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

   (d) Case Not Fully Adjudicated on Motion.  If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what **material facts exist without substantial controversy** and what material facts are actually and **in good faith** controverted.  It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just.  Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

   (e) Form of Affidavits; Further Testimony; Defense Required.  Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but

the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth **specific facts showing that there is a genuine issue for trial**. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f) When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(g) **Affidavits Made in Bad Faith**. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and **any offending party or attorney may be adjudged guilty of contempt**."

4. The plaintiffs file this response together with two affidavits ("SHAM AFFIDAVIT of the PLAINTIFFS", **Exhibit #2**, and "COUNTERAFFIDAVIT of the PLAINTIFFS - An Affidavit Made to Contradict and Oppose "Affidavit of Kozminske" and "Affidavit of Gregory Burke", **Exhibit #3**) in opposition to the summary judgment motion.

5. There are specific facts showing that there is a genuine issue for trial. The specific facts are included in the plaintiffs' complaint; and some of the specific facts linked to the defendants who filed the summary judgment motion are listed below and in the plaintiffs' two affidavits filed together with this response (Exhibit #2 and Exhibit #3).

6. The "SHAM AFFIDAVIT of the PLAINTIFFS" (Exhibit #2) documented the contradiction of KOZMINSKE's testimony in her "AFFIDAVIT OF MICHELLE KOZMINSKE" (Exhibit A). The contradiction of KOZMINSKE's testimony creates an issue of fact in response to the defendants' motion for dismiss and/or summary judgment.

7. The "COUNTERAFFIDAVIT of the PLAINTIFFS" (Exhibit #3) documented the specific facts in direct contradiction to the testimonies of KOZMINSKE and BURKE. The factual contradictions create a genuine issue for trial.

8. Further, the contradiction of KOZMINSKE's testimony creates an issue of "Affidavits Made in Bad Faith". The plaintiffs move the court to consider for a judgment of defendant KOZMINSKE or her attorney on guilty of contempt according to the FED.R.CIV.P.56(g).

9. Specifically responding to defendant BOGEMA, the factual contradictions are listed:

9a). The directions of the three gunshots received by XIANQING CAO were all from **his right to his left**, but BOGEMA as well as BURKE claimed that they were at XIANQING CAO's **left side** when shooting at XIANQING CAO;

9b). As a senior police, BOGEMA did not know how many shots he fired when he only fired ONE shot in fact;

9c). The gunshot hole at the west end of Cao's wooden eating table, the location of alleged BURKE's upper left leg gunshot wound, BURKE's refusal of photographing his wound as evidence, and the statements of ERICKSON and a neighbor in Exhibit #1 supported a fact that BOGEMA injured BURKE.

Refer to the autopsy report of XIANQING CAO, Exhibit #1, and the plaintiffs' complaint #351, #368, #370, #372, #376, and #379-381.

10. Specifically responding to defendant BARKLEY, the factual contradictions are listed:

10a). BARKLEY planted six traffic cones to cover alleged "evidences" behind the Cao residence on May 2, 2001, but wrong number of .22 brass cartridges were planted. The police report, Exhibit #1, alleged that six .22 bullets were fired; BURKE alleged that he was shot at least twice INSIDE Cao's eating room (at his chest and back); a spent .22 bullet was found inside the house in front of the fireplace; thus, at least three .22 brass cartridges should be inside the house which leaves at most three .22 brass cartridges outside the house. But, on May 3, 2001, Deputy James Dunlop found four .22 brass cartridges behind the residence.

10b). A .22 handgun was found on a small table in the family room north of Cao's eating room. BARKLEY admitted in his statement in Exhibit #1 that he put this gun on that table. This .22 gun documented in Exhibit #1 as evidence was not next to the dying Xianqing Cao who was alleged of shooting.

Both 10a) and 10b) are pointing to BARKLEY planting and fabricating evidences.

Refer to Exhibit #1 and the plaintiffs' complaint #389 and #390.

11. Once again, the plaintiffs cite the case of Sova and Sova v. The City of Mt. Pleasant to support a trial.

*Sova and Sova* v. *The City of Mt. Pleasant, et al. (Recommended for Full-Text Publication, Pursuant to Six Circuit Rule 24, Electronic Citation: 1998 FED App. 0125P (6th Cir.) File Name: 98a0125p.06, United States Court of Appeals for the Sixth Circuit):*

http://www.law.emory.edu/6circuit/apr98/98a0125p.06.html
"Because the District Court improperly disregarded the factual disputes underlying the Sovas' claims against the two officers who shot Thomas, we

4

reverse summary judgment in their favor and remand for trial on the Sovas' federal constitutional and state tort claims."

12. All the above statements only include some of the factual disputes and contradictions in the plaintiffs' complaint. More facts and contradictions can be further investigated, discovered, and concluded through this case's discovery process and trial.

Respectfully submitted,

*Jane Z. Cao*

**JANE Z. CAO**
7192 Bridlewood Circle
Portage, Michigan 49024
USA
(269) 321-0084

**Dated:**  September 8, 2003