### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JANE CAO, Individually and as
Personal Representative of the Estate
of XIANQING CAO,

                Plaintiff,

UNITED STATES SECRET SERVICE,
et al.,

                Defendants.

_____ /

Case No. 1:03cv0289

Hon. Robert Holmes Bell
Chief U.S. District Judge

Hon. Joseph G. Scoville
U.S. Magistrate Judge

### MEMORANDUM IN SUPPORT OF FEDERAL
### DEFENDANTS' MOTION TO DISMISS

In accordance with W.D. Mich. LCivR 7.1(a), defendants the United States Secret

Service and John Does I and II, unnamed special agents of the U.S. Secret Service sued in their

official and individual capacities (hereinafter the Federal Defendants), by their attorneys

Margaret M. Chiara, United States Attorney for the Western District of Michigan, and Charles R.

Gross, Assistant U.S. Attorney, submit the following memorandum of points and authorities in

support of their motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

### INTRODUCTION

The *pro se* complaint in this case alleges a wide-ranging conspiracy to commit murder

and other violations of federal criminal law by and between a host of state, local, and federal

defendants.  The complaint also alleges both civil rights and constitutional rights violations

supposedly committed by the same group of individuals and organizations.  All of these

allegations arise or flow from an investigation by state and local officials into suspected child

abuse at the home of Jane and Xianqing Cao in Portage, Michigan, on May 2, 2001. A visit to

the Cao home that day by representatives of the Kalamazoo County Family Independence

Agency (FIA) and members of the Portage Police Department ultimately led to an exchange of

gunfire and the death of Xianqing Cao. In addition, the Cao minor children were

contemporaneously removed from the care and custody of Jane Cao. They remained in foster

care until July 13, 2001, when they were returned to Jane Cao.

In her complaint Plaintiff Jane Cao seeks relief on her own behalf and as a representative

of the estate of Xianqing Cao. She seeks compensatory and punitive damages in an unspecified

amount for the death of Xianqing Cao and for the temporary loss of custody of her minor

children. She also asks the Court for broad injunctive relief directed at the manner in which all

future law enforcement and FIA investigations are conducted in Kalamazoo County. To the

extent she seeks relief from the Federal Defendants, her claims must be dismissed.

### STATEMENT OF THE CASE

On May 2, 2001, Xianqing Cao died from multiple gunshots directed at him by members

of the Portage Police Department. Complaint, pp. 74-81. The shooting, which occurred at the

Cao residence in Portage, Michigan, was investigated by the Kalamazoo County Sheriff's

Department and determined to be justifiable homicide, a conclusion concurred in by the

Kalamazoo County Prosecuting Attorney. Complaint, p. 108. One apparent basis for this

conclusion was a finding that the Portage Police Officers were returning fire directed at them by

Xianqing Cao, who was using a 22. caliber pistol owned by his wife, Jane Cao. The only federal

connection to this shooting appears to be the fact that five weeks earlier, on March 25, 2001, two

special agents of the U.S. Secret Service visited the Cao residence in anticipation of an upcoming

2

appearance in Kalamazoo by President Bush and, during that visit, they examined Jane Cao's .22 caliber pistol. Complaint, ¶¶ 157-171. The agents allegedly wanted to remove the gun from the Cao household, but Jane Cao refused, and the agents departed. After the agents' visit, Jane Cao replaced the .22 pistol in her briefcase, but forgot to relock the case. Complaint, ¶ 169. Several weeks later -- and two weeks before her husband's death -- Ms. Cao discovered that Xianqing Cao had retrieved her gun from her unlocked briefcase. Complaint, ¶ 190. He did this because he was afraid of being assassinated by agents of the Chinese military. Id. Ms. Cao retrieved the gun from Xianqing Cao and again locked it in her briefcase, unloaded. Id. ¶¶ 192-193. Ms. Cao also instructed her husband not to use the gun unless someone was trying to break into their house. Id. ¶ 191. This is the sum total of the factual allegations that form the basis for plaintiff's claims that the U.S. Secret Service and John Does I and II were involved in a conspiracy to murder Xianqing Cao.[1]

The *pro se* complaint in this case was filed on April 30, 2003. The complaint recites no basis for Federal Court jurisdiction over any of its claims for relief against any of its numerous defendants. In particular, the complaint contains no legal authority for the claims asserted against the federal defendants. The complaint does allege violations of federal criminal law (e.g., 18 U.S.C. §§ 1111, 1117, 1201, etc.) and the 2nd, 4th, 5th, and 14th Amendments to the U.S. Constitution. Complaint, pp. 3-4. However, the complaint does not articulate how these alleged

---

[1] Admittedly, the complaint contains a number of other allegations concerning contact between special agents of the U.S. Secret Service and Xianqing Cao prior to his death. See, e.g., Complaint, ¶¶ 5-12, 38-40, 73-80, 97-100, 136-137. Without exception, however, these allegations identify the special agents by name, and these agents are not named as defendants in this case in any capacity. Instead, it reasonably appears that plaintiff has simply included these allegations to provide a factual background for how the John Doe agents came to be at her house on March 25, 2001-- but not a separate legal basis for her claims against the Secret Service.

violations translate into a legal basis for the damages or injunctive relief that plaintiff seeks from the Federal Defendants. For that reason, alone, plaintiff's case against the Federal Defendants should be dismissed. Moreover, that dismissal should be with prejudice because plaintiff cannot state a claim against the Federal Defendants for which relief may be granted by this Court.

**ARGUMENT**

Reading the complaint liberally, there are only two possible causes of action against the Federal Defendants that might be encompassed by the facts plaintiff alleges, assuming those facts are true: a Bivens claim for violations of her, or her husband's, constitutional rights; and a common law negligence claim under the Federal Tort Claims Act (FTCA). For the reasons articulated below, however, neither claim can withstand a motion to dismiss.

A.    **The Standard of Review**

When deciding a motion under Fed. R. Civ. P. 12(b)(6), the Court must accept as true the allegations of plaintiff's Complaint and determine whether the statements are sufficient to make out a right to relief. *United States v. Gaubert*, 499 U.S. 315, 327 (1991). A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court, however, need not accept as true those allegations that are conclusory in nature, i.e., which state legal conclusions rather than factual assertions. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). When a party makes a facial

4

attack to a pleading on the ground of lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the standard applicable to Rule 12(b)(6) motions applies. *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F. Supp. 2d 817, 822 (W.D. Mich. 1998).

Although matters outside the pleadings generally may not be considered on a motion to dismiss, the Court may consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies. *Jackson v. City of Columbus*, 194 F.3d 737 (6th Cir. 1999), *abrogated on other grounds, see also In re Credit Acceptance Corp. Securities Litigation*, 50 F. Supp.2d 662 (E.D. Mich. 1999) (court could consider documents in SEC file without converting motion to dismiss to motion for summary judgment). Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if referred to in plaintiff's complaint and central to plaintiff's complaint. *Id.* The Court may also take judicial notice of facts that are indisputable because they are capable of ready determination from resources whose accuracy cannot be reasonably questioned. *Michigan Bell Telephone Co. v. Strand*, 26 F. Supp.2d 993 (W.D. Mich. 1998).

**B.    Plaintiff Has Failed To State A Claim Against The Federal Defendants Arising From Alleged Violations of Federal Criminal Law**

As noted, plaintiff alleges that numerous violations of federal criminal law have been committed by the named defendants. For example, she alleges violations of 18 U.S.C. §§ 1111 (Murder), 1117 (Conspiracy to murder), 1201 (Kidnaping), 241 (Conspiracy against rights), and 242 (Deprivation of rights under color of law). Complaint, pp. 3-4. These allegations fail to state a claim upon which relief can be granted against the Federal Defendants. *Devries v. Hammer*, 1999 WL 1128869 (W.D. Mich. 1999). In *Devries*, the plaintiff filed a civil action

against an agent of the Internal Revenue Service, alleging the agent violated federal laws that

criminalized fraud and extortion committed by employees of the IRS.  In dismissing the

complaint, this Court (McKeague, J.) noted that private citizens have no authority to initiate

federal criminal prosecutions.  Moreover, "criminal statutes do not create private rights of action

unless Congress expressly so provides."  Id. at *2, citing *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.

1989). *See also Duncan v. Cone*, 2000 WL 1828089 (6th Cir. 2000); *Dekoven v. Avengelical*

*Press*, No. 4:98cv43, 1999 U.S. Dist. LEXIS 7366 at *10 (W.D. Mich. 1999) ("It is well settled

that section 241 is a criminal statute and cannot support a private cause of action.");  *Linda R.S.*

*v. Richard D.*, 410 U.S. 614, 619 (1973) ("[a] private citizen lacks a judicially cognizable interest

in the prosecution or nonprosecution of another.").  None of the federal criminal statutes that Ms.

Cao claims have been violated by the death of her husband and the temporary placement of her

children in foster care contains a private right of action.  As a result, she has failed to state a

claim for which relief can be granted against the Federal Defendants.  Plaintiff's allegations

under the U.S. Constitution fare no better

### C.   Plaintiff Has Failed To State A Claim Against the Federal Defendants Arising From Alleged Violations of the U.S. Constitution

Lawsuits directed at federal agencies or against federal officers or employees in their

official capacity are lawsuits against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165

(1985); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003).   The law could not be clearer,

however, that the United States has not waived sovereign immunity for claims seeking damages

based upon alleged violations of the U.S. Constitution committed by its officers, agents, or

employees. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *Shaner v. United States*, 976 F.2d 990, 994 (6th Cir. 1992).

At the most, plaintiff may only assert such claims in lawsuits against the officers, agents, or employees in their individual capacities, so-called *Bivens* suits.[2] Plaintiff has attempted to assert such claims against the two John Doe Secret Service agents. However, those agents have never properly been served with process in this case.

The Court's docket sheet (Nos. 36 and 37) indicates that John Does I and II were served the summons and complaint on July 23, 2003, by certified mail addressed to and received by the U.S. Secret Service in Washington, D.C. At most, however, such service is only effective upon the John Doe agents to the extent they are being sued in their official capacities.[3] Federal Rule of Civil Procedure 4(i) is explicit about how to effect service upon officers or agents of the United States being sued in their individual capacities. The United States must be served in accordance with Rule 4(i)(1) and the individual officer or agent must also be served in accordance with Rule 4(e), (f), or (g). Fed.R.Civ.P. 4(i)(2)(B). Only Rule 4(e) is relevant in this case.

Rule 4(e)(1) allows service on individuals in accordance with Michigan law, but Michigan law permits service by restricted delivery mail only when the mail is addressed to and signed for by the defendant. MCR 2.105(A)(2). *Berger v. King World Productions, Inc.*, 732 F. Supp. 766, 769 n. 4 (E.D. Mich. 1990). In this case the mail sent to Washington, D.C., by Ms.

---

[2] See *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

[3] Counsel believes, but has not yet been able to confirm, that any representations made to Ms. Cao's process server that service could be effected upon the John Doe defendants by mailing a copy of the summons and complaint to the U.S. Secret Service in Washington were limited to the agents' status as official capacity defendants, not individual capacity defendants.

Cao's process server was addressed to legal counsel Molly Webber, not the John Doe defendants, and receipt was acknowledged by a Secret Service rubber stamp, but no signature. Docket Nos. 36 & 37. Rule 4(e)(2), on the other hand, allows service by "delivering" the summons and complaint to the defendant, the defendant's dwelling, or to someone authorized by appointment or by law to accept service for the defendant. Plaintiff cannot show that Ms. Webber was authorized by "appointment or by law" to accept service on behalf of the John Doe defendants in their individual capacities, and her receipt of the summons and complaint by certified mail does not, in any event, constitute "delivery." *See, e.g., Dowdy v. Sullivan*, 138 F.R.D. 99, 100 (W.D. Tenn. 1991) ("delivering" means personal service, not certified mail). As a result, neither Federal John Doe defendant has been properly served in his or her individual capacity. Unless such service is properly effected, the Court has no personal jurisdiction over the John Doe defendants in their individual capacities. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982); *Omni Capital International, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104-08 (1987).

Moreover, even if proper service had been effected, the Complaint in this case is woefully deficient in attempting to state a *Bivens* claim against the two John Doe Secret Service agents. Although Ms. Cao's complaint contains references to provisions of the U.S. Constitution, she has made no effort to describe with particularity how the conduct of the two agents who visited her home on March 25, 2001, violated her or her husband's rights. According to the Complaint, the two agents arrived at the Cao residence and briefly questioned the Caos, who wished to be cooperative. Complaint, ¶¶ 157-171. The agents examined Jane Cao's .22 caliber pistol and asked permission to remove it from the household. When Ms. Cao refused to let them take the

8

gun, they left. Id. There is simply no way to interpret this minimal interaction as implicating any

of Ms. Cao or her husband's constitutional rights, much less violating those rights.[4]  It is

axiomatic, however, that no *Bivens* case may be allowed to go forward unless the plaintiff alleges

specific conduct by a federal agent that violated a clearly established constitutional right.

*Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982); *Poe v. Haydon*, 853 F.2d 418, 423-24 (6th

Cir. 1988).  The Complaint here utterly fails to do so, and it should be dismissed in its entirety

with prejudice.

### D.  Plaintiff Has Failed To State A Claim Against the Federal Defendants Arising Under The Federal Tort Claims Act

The only other conceivable jurisdictional basis to seek damages from the United States,

its agencies or employees for the wrongs alleged in plaintiff's complaint would be the FTCA.

The FTCA is a limited waiver of sovereign immunity that requires a plaintiff to articulate a state-

based negligence claim otherwise not excluded from its coverage. *United States v. Orleans*, 425

U.S. 807, 813-814 (1976); 28 U.S.C. § 2674 (United States may be liable "in the same manner

and to the same extent as a private person under like circumstances").  The cause of action must

arise under state law.  *FDIC v. Meyer*, 510 U.S. at 477-478.  Moreover, when the United States

waives its immunity from suit, it is free to define the terms and conditions attached to that

waiver. *Honda v. Clark*, 386 U.S. 484, 501 (1967).  These terms and conditions are, themselves,

limitations on a Court's jurisdiction, and must be strictly construed.  *Soriano v. United States*,

352 U.S. 270, 276 (1957); *FDIC v. Meyer*, 510 U.S. at 476.

---

[4]  Ms. Cao does allege that one reason she refused to let the agents take her pistol on March 25, 2001, was because she had a constitutional right to keep it.  Complaint, ¶¶ 163-164. She cannot credibly maintain, however, that the 2nd Amendment precludes a federal agent from even asking her permission to take her gun into custody for safekeeping.

In other words, to state a claim against the United States under the FTCA, Ms. Cao must articulate some duty arising under state law that the Secret Service owed to her and her husband; how that duty was breached on March 25, 2001, and how that breach caused her or her husband to be damaged. In addition, she must demonstrate that she has otherwise complied with all of the terms and conditions that must be met before proceeding under the FTCA.

The common law claims decipherable from Ms. Cao's Complaint asserted against the United States include murder and conspiracy to commit murder. Complaint, ¶¶ 482-483. The facts she alleges against the Secret Service, even if accepted as true and viewed in the light most favorable to the plaintiff, are legally insufficient to sustain those claims. Nevertheless, the Court need not reach that question.

One congressionally imposed condition upon the waiver contained in the FTCA is that prospective litigants must first present their claim to the appropriate agency for administrative adjudication. 28 U.S.C. § 2675(a). Like all such conditions, this requirement is jurisdictional. *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996).

Ms. Cao's complaint does not allege that she has complied with the administrative claim requirement of 28 U.S.C. § 2675(a). Moreover, the attached declaration of Carlton D. Spriggs, Deputy Director, U.S. Secret Service (Exhibit A), demonstrates that the Secret Service has no record of Ms. Cao ever having submitted such a claim. As a result, the Court has no choice but to dismiss any common law claims plaintiff may be asserting against the United States. Moreover, that dismissal should be with prejudice.

Congress has provided a statute of limitations for tort claims against the United States.

A tort claim against the United States shall be forever barred unless it is presented
in writing to the appropriate Federal agency within two years after such claim
accrues . . . .

28 U.S.C. § 2401(b). Again, as a condition upon a waiver of sovereign immunity, this provision

is jurisdictional in nature. *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002). As a

result, when a party misses the deadline, no federal court will ever have jurisdiction over a

subsequent lawsuit.

In this case, plaintiff's cause(s) of action accrued no later than May 2, 2001, the date her

husband was killed. *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981); *Kington v. United

States*, 396 F.2d 9 (6th Cir. 1968). As a result, the time within which she was required to file her

administrative claim with the Secret Service expired on May 2, 2003, more than four months

ago. Accordingly, because any FTCA claim she might allege is now time-barred, this Complaint

should be dismissed with prejudice.

Plaintiff filed this lawsuit on April 30, 2003, and in some cases the delivery of a federal

court complaint to the appropriate agency within the two-year period required by 28 U.S.C. §

2401(b) has been considered timely compliance with 28 U.S.C. § 2675(a). That option, however,

is not available to Ms. Cao. Her Complaint was not delivered to the Secret Service by

May 2, 2003. The docket sheet shows service upon the U.S. Secret Service on July 17, 2003,

more than two months after the deadline. Docket No. 29. Moreover, the Complaint does not

contain a sum certain (Complaint, ¶ 488), which defect is fatal to its treatment as an adequate

administrative claim under 28 U.S.C. § 2675(a), even if it had been delivered to the U.S. Secret

Service in time. *Glarner v. United States*, 30 F.3d 697, 700 (6th Cir. 1994); *Douglas v. United*

11

*States*, 658 F.2d 445, 447 (6ᵗʰ Cir. 1981).[5] As a result, to the extent she is alleging claims against the United States or its agencies or employees sounding in common law negligence, those claims must be dismissed as outside the Court's jurisdiction.

## CONCLUSION

For the reasons stated above, this case should be dismissed with prejudice as against all of the Federal Defendants.

Respectfully submitted,

MARGARET M. CHIARA
United States Attorney

CHARLES R. GROSS
Assistant United States Attorney
PO Box 208
Grand Rapids, Michigan 49501-0208
616/456-2404

Dated: September 15, 2003

---

[5] It is also true, of course, that this case could not survive against the United States regardless of whether the July 17, 2003 delivery of the summons and complaint was timely and considered adequate, because the FTCA requires that the administrative claim be resolved, or that six months elapse following its presentment, before a jurisdictionally proper lawsuit may be filed. *McNeil v. United States*, 508 U.S. 106, 112 (1993).