UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANES Z. CAO, as Personal Representative
for the Estate of Xianqing Cao, deceased;
and JANE Z. CAO, individually,

    Plaintiffs,

v                                Case No. 1:03 CV 0289
                                Hon. ~~Robert H. Bell~~

U.S. SECRET SERVICE, et al.

    Defendants.

Robert Holmes Bell
Chief, U.S. District Judge

---

JANE Z. CAO
Plaintiff pro se
7192 Bridlewood Circle
Portage, MI. 49024
269-321-0084

MARK E. DONNELLY (P39281)
Michigan Dept. of Attorney
  General
Attorneys for Def. Smith,
Erickson & Hain
P. O. Box 30736
Lansing, MI. 48909
(517) 373-6434

Joseph G. Scoville
U.S. Magistrate Judge

**ALLAN C. VANDER LAAN** (P33893)
**JOSEPH NIMAKO** (P47313)
**CUMMINGS, McCLOREY, DAVIS &**
**ACHO, P.L.C.**
Attorneys for Defs. Portage
  Police Department, Bogema,
  Kozminski, Burke and Barkley
33900 Schoolcraft
Livonia, MI 48150
(734) 261-2400

WILLIAM VOGELZANG, JR. (P29231)
MARK T. OSTROWSKI (P49761)
Attorneys for Def. Carlsen and
  Dawson
648 Monroe N.W., Suite 400
Grand Rapids, MI. 49503
(616)459-0556

MARGARET M. CHIARA, U.S. Attorney
CHARLES R. GROSS, Asst. U.S.
  Attorney
Attorneys for Defs. U.S. Secret
  Service and John Does I and II
P. O. Box 208
Grand Rapids, MI. 49501-0208
(616) 456-6434

PATRICK A. ASELTYNE (P23293)
JASON D. KOLKEMA (P55936)
Attorneys Def. Kalamazoo
  Sherrif's Dept., Johnson,
  Jako, Gregart and Klein
303 S. Waverly Road
Lansing, MI. 48917
(517) 886-3800

---

**BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S
EMERGENCY MOTION FOR CHANGE OF VENUE**

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . iii

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT

    I.   THIS COURT HAS NO JURISDICTION TO ENTERTAIN PLAINTIFFS' EMERGENCY MOTION FOR CHANGE OF VENUE DUE TO THE FILING OF A NOTICE OF APPEAL. . . . . . . . . . . . . . . 2

    II.  PLAINTIFFS' EMERGENCY MOTION FOR CHANGE OF VENUE IS MOOT. . . . . . . . . . . . . . . 5

RELIEF REQUEST . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF SERVICE

## INDEX OF AUTHORITIES

**CASES**                                                                **PAGE**

*Aportria v, Maine Turnpike Authority,* 672
F. Supp. 536 (D. Me. 1987) . . . . . . . . . . . . . . . . . . . . 4

*Fieldturf Inc. v. Southwest Recreational
Industries Inc.,* 212 F.R.D 341 (Ed. Ky. 2002) . . . . . . . . . 3
3
*Fort Gratiot Sanitary Landfill v. Michigan
Department of Natural Resources,* 71 F.3d 1197,
1203 (6th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . 2

*Griggs v. Provident Consumers Discount
Co.,* 459 U.S. 56 (1982) . . . . . . . . . . . . . . . . . . . . . 2

*Jones v. Ruo,* 83 Fed. Appx. 779
(6th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lewis v. Alexander,* 987 F.2d 392, 394
(6th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Pittock v. Otis Elevator Co.,* 8 F.3d 325
(6th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . 3

## STATEMENT OF ISSUES PRESENTED

I. **WHETHER THIS COURT HAS JURISDICTION TO ENTERTAIN PLAINTIFF'S EMERGENCY MOTION FOR CHANGE OF VENUE DUE TO THE FILING OF A NOTICE OF APPEAL?**

   DEFENDANTS SAY "NO"

   PLAINTIFF SAYS "YES"

II. **WHETHER PLAINTIFF'S EMERGENCY MOTION FOR CHANGE OF VENUE IS MOOT?**

   DEFENDANTS SAY "YES"

   PLAINTIFF SAYS "NO"

iii

## **STATEMENT OF FACTS**

This case arises out of an incident on May 2, 2001 wherein Xianqing Cao became involved in a shoot-out with police officers and was shot and killed. On that date, Mr. Cao was accused of sexually abusing his step-daughters and a court order was issued to remove his children from the home. After initially cooperating with Family Independence Agency employees and the police, Mr. Cao became enraged, forcing them out of his home and locking the doors. When he refused to let them reenter, the police broke into his home and Mr. Cao initiated a shoot-out during which a police officers was shot three times and Mr. Cao was shot and killed.

The Plaintiff, the former wife of Mr. Cao, filed a Complaint in pro per, as personal representative of the Estate of Xianqing Cao and on her own behalf against numerous defendants. Included among the Defendants are the Portage Police Department, Sgt. Jack Bogema, Det. Michelle Kozminski, Officer Gregory Burke and Officer Matthew Barkley (Portage Defendants). The other Defendants are the U. S. Secret Service and John Does I and II, and Kalamazoo County Sheriff's Department and several of its officers.

Plaintiff's complaint asserted a violation of rights under the United States Constitution and a violation of several federal statutes. This court granted all of the Defendants' motions to dismiss on March 22, 2004. On April 20, 2004, Plaintiff timely filed a Notice of Appeal. On May 10, 2004, Plaintiff filed this emergency motion to change venue.

1

## ARGUMENT

### I. THIS COURT HAS NO JURISDICTION TO ENTERTAIN PLAINTIFF'S EMERGENCY MOTION FOR CHANGE OF VENUE DUE TO THE FILING OF A NOTICE OF APPEAL.

It is well settled that the filing of a notice of appeal is an event of jurisdictional significance; it divests the district court of jurisdiction and vest jurisdiction in the appellate court. The Supreme Court in *Griggs v. Provident Consumers Discount Co.,* 459 U.S. 56 (1982) stated:

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance - - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. Id. at 59.

Similarly, the Sixth Court in *Fort Gratiot Sanitary Landfill v. Michigan Department of Natural Resources,* 71 F.3d 1197, 1203 (6th Cir. 1995) stated:

> It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case except on remedial matters unrelated to the merits of the appeal. . . As a leading treatise states, "once an appeal has been taken from the judgment, the district court no longer has jurisdiction over the case and cannot reopen the judgment to allow an amendment to be made." 6 Charles A. Wright, et al., Federal Practice and Procedure §1489 (1990).

Federal Rules of Appellate Procedure 4(a)(4) contains several exceptions to the above-stated principle. The Rule provides:

(A)  If a party timely files in the district

2

> court, any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (i) for judgment under Rule 50(b);
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
> (iv) to alter or amend the judgment under Rule 59;
> (v) for a new trial under Rule 59; or
> (vi) for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered.

The Appellate Rule 4(a)(4) has been interpreted as giving the district court express authority to entertain timely motions enumerated in the Rule even after a notice of appeal has been filed.

In addition to the exceptions set forth in FRAP. 4(a)(4), it has been held that the district court retains jurisdiction to entertain remedial or collateral matters such as motion for attorney's fees or sanctions. See **Fieldturf Inc. v. Southwest Recreational Industries Inc.,** 212 F.R.D 341 (Ed. Ky. 2002).

In **Pittock v. Otis Elevator Co.,** 8 F.3d 325 (6th Cir. 1993), the court held that the district court lacked jurisdiction to rule on Rule 60(b) motion to vacate an order, after a notice of appeal was filed. The court stated:

> The appeal from the dismissal was filed before the district court ruled on the Rule 60(b) motion . . . [T]he district court did not have jurisdiction to rule on the Rule 60(b) motion after the Pittocks filed a notice of appeal

3

concerning the dismissal order. As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter. **Lewis v. Alexander,** 987 F.2d 392, 394 (6th Cir. 1993). There are some exceptions to this rule. See Id.(indicating that the district court retains jurisdiction when the appeal is untimely, presents issues that the appellate court had previously decided in the same case or is from a non-final, non-appealable order). 8 F.3d at 327.

In **Aportria v, Maine Turnpike Authority,** 672 F. Supp. 536 (D. Me. 1987) while Plaintiff's motion for reconsideration of the court's order granting defendant's motion for summary judgment was pending, plaintiff filed a notice of appeal. The court held:

> A properly filed notice of appeal generally diverts the District Court of jurisdiction to proceed further in the case appealed. <u>**After an appeal is filed, a case remains in the district court only for procedures in aid of appeal**</u>. Id. (Emphasis added)

Further, in **Jones v. Ruo,** 83 Fed. Appx. 779 (6th Cir. 2003) the court held that the district court "lacked jurisdiction to consider Jones' motion to reopen the case and motion for summary judgment because Jones filed his notice of appeal prior to filing this motion." (Exhibit 1).

Applying the principles established in the above-cited cases, it is clear that this court lacks jurisdiction to entertain Plaintiff's emergency motion for change of venue. Plaintiff's filing of a notice of appeal diverted this court of jurisdiction to act in this case. None of the exceptions apply to Plaintiff's motion. Accordingly, Plaintiff's motion must be denied.

## II. PLAINTIFF'S EMERGENCY MOTION FOR CHANGE OF VENUE IS MOOT.

A motion for change of venue necessarily implies that a case is still pending before the court. However, Plaintiff waited until this court granted the Defendants' motions to dismiss before moving for a change of venue. Because Plaintiff's case has already been dismissed, Plaintiff's motion for change of venue is moot.

### RELIEF REQUESTED

WHEREFORE, the Portage Defendants respectfully request that this Honorable Court deny Plaintiff's emergency motion for change of venue.

Respectfully submitted,

**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**

By: _____
**JOSEPH NIMAKO (P47313)**
33900 Schoolcraft
Livonia, Michigan 48150
(734) 261-2400
**Attorney for Portage Defendants**

**Dated: May 27, 2004**

5