1

LexisNexis Total Research System

Switch Client | Preferences | Feedback | Sign Off | Help

Search | Research Tasks | Search Advisor | Get a Document | Shepard's | Practice Area Pages | ECLIPSE | History

View: Full | Custom                                1 of 1                    Print | Download | Fax | Email | Text Only
              FOCUS™ | More Like This | More Like Selected Text | Shepardize® TOA
                          Jones v. Kolb, 83 Fed. Appx. 779                              Pages:  5

Service: Get by LEXSEE®
Citation: 83 fed appx 779

83 Fed. Appx. 779, *; 2003 U.S. App. LEXIS 26419, **

LARRY DARNELL JONES, Plaintiff-Appellant, v. R. KOLB, RUO, et al., Defendants-Appellees.

Nos. 02-1943/02-1997

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

83 Fed. Appx. 779; 2003 U.S. App. LEXIS 26419

December 9, 2003, Filed

NOTICE: [**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

SUBSEQUENT HISTORY: Subsequent appeal at Jones v. Kolb, 2003 U.S. App. LEXIS 26369 (6th Cir. Mich., Dec. 10, 2003)

PRIOR HISTORY: Eastern District of Michigan. 00-10203. Lawson. 07-03-02. 07-25-02.

DISPOSITION: Summary judgment affirmedkl. Appeal No. 02-1997 dismissed for lack of jurisdiction. All pending motions denied as moot.

CASE SUMMARY

PROCEDURAL POSTURE: The United States District Court for the Eastern District of Michigan denied various post-judgment motions to reopen plaintiff state prisoner's 42 U.S.C.S. § 1983 civil rights action, to clarify why untimely objections were disregarded, and for summary judgment, and denied the prisoner's motion to proceed in forma pauperis on appeal. The prisoner appealed, and filed two motions.

OVERVIEW: The prisoner's second set of objections to the magistrate judge's report and recommendation was filed six months late. Because the prisoner did not provide good cause for filing the objections so late, the district court declined to consider them. The instant court found that the prisoner's motion to explain and clarify why untimely objections were disregarded simply presented the same issue to the district court, and did not demonstrate a palpable defect by which the district court and the parties were misled. The motion to explain and clarify was properly denied. It was not an abuse of discretion to refuse to consider the prisoner's motion to reconsider because the brief in support of his motion was 35 pages, he made no application to exceed the page limit, and provided no explanation whatsoever for his failure to follow U.S. Dist. Ct., E.D. Mich., R. 7.1(c)(3). The district court lacked jurisdiction to consider the prisoner's motion to reopen the case and motion for summary judgment because the prisoner filed his notice of appeal prior to filing the motions. Finally, as to the denial of pauper status, a prisoner could no longer challenge a district court's certification.

OUTCOME: The district court's order denying various post-judgment motions to reopen the prisoner's civil rights action, to clarify why untimely objections were disregarded, and for summary judgment was affirmed. The appeal from the order denying the prisoner's motion to proceed in forma pauperis on appeal was dismissed for lack of jurisdiction. All pending motions were denied as moot.

CORE TERMS: clarify, summary judgment, disregarded, untimely, notice of appeal, post-judgment, reopen, lack of jurisdiction, motion to reconsider, civil rights action, good cause, signature, prisoner, pauper

LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Magistrates > Pretrial Orders
HN1 A district court has discretion to consider objections not raised before the magistrate judge, but it will not do so in the absence of good cause. More Like This Headnote

Civil Procedure > Pleading & Practice > Motion Practice Generally > Content & Format of Motions
HN2 U.S. Dist. Ct., E.D. Mich., R. 7.1(c)(3) limits briefs, including footnotes and signatures, to 20 pages. Local Rule 7.1(c)(3) indicates that a party seeking to exceed the limit may apply in writing setting forth the reasons. More Like This Headnote

Civil Procedure > Appeals > Appellate Jurisdiction > Lower Court Jurisdiction
HN3 A timely notice of appeal normally will divest the district court of jurisdiction. More Like This Headnote

Civil Procedure > Appeals > Reviewability
Civil Procedure > Joinder of Claims & Parties > Self-Representing Parties
HN4 In the context of a motion to proceed in forma pauperis on appeal, a prisoner can no longer challenge a district court's certification. More Like This Headnote

COUNSEL: Larry Darnell Jones, Plaintiff - Appellant, Pro se, Marquette, MI.

For R. Kolb, Ruo, Defendant - Appellee: Kristin M. Smith, Patrick J. Wright, Mitchell J. Wood, Office of the Attorney General, Lansing, MI.

JUDGES: Before: SILER and COOK, Circuit Judges; BERTELSMAN, District Judge. *

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

OPINION: [*780] ORDER

Larry Darnell Jones, a Michigan prisoner proceeding pro se, appeals a district court order denying various post-judgment motions to reopen his civil rights [**2] action filed pursuant to 42 U.S.C. § 1983, to clarify why untimely objections were disregarded, and for summary judgment (02-1943), and an order denying his motion to proceed in forma pauperis on appeal (02-1997). Jones has filed a motion for injunctive relief and the defendants have responded. Jones has also filed a motion to reject and deny all further appeals by the defendants. These cases has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Jones sued several prison officials at the Standish Maximum Correctional Facility ("SMF") in Standish, Michigan. The complaint was filed on June 22, 2000 based on 42 U.S.C. § 1983 Jones claimed that his civil rights were violated when defendant R. Kolb, with after-the-fact complicity from SMF officials, encouraged another inmate to murder him, that Kolb and others retaliated against him for reporting the plot by contaminating his food, and that the defendants unlawfully blocked his access to the courts by limiting [**3] his access to a typewriter. The district court dismissed Jones's complaint on June 4, 2002. Jones appealed from that decision on June 27, 2002 (appeal No. 02-1822), but a subsequent motion to voluntarily dismiss appeal No. 02-1822 was granted on October 4, 2002. In the interim, Jones filed various post-judgment motions to reopen the case, to clarify why untimely objections were disregarded, and for summary judgment. These motions were denied by order entered July 3, 2002. Jones filed a notice of appeal from this order on July 22, 2002 (appeal No. 02-1943). By order entered July 25, 2002, the district court denied Jones pauper status in appeal No. 02-1943. Jones filed a notice of appeal from this order on August 8, 2002 (appeal No. 02-1997).

Appeal No. 02-1943

Upon review, we conclude that the district court properly denied Jones's motion to explain and clarify. As the district court explained in its June 4, 2002, opinion and order, Jones's first set of objections to the magistrate judge's report and recommendation was timely. The second set of objections, however, were filed six months late. The court explained that HN1 it had discretion to consider objections not raised before the magistrate [**4] judge, but it would not do so in the absence of good cause. See United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998). Since Jones did not provide good cause for filing the second set of objections so late, the court declined to consider the objections. Jones's motion to explain and clarify why untimely objections were disregarded, filed June 21, 2002, simply presented the same issue to the court, and

did not demonstrate a palpable defect by which the court and the parties were misled, as is required by Local Rule 7.1(g).

[*781] Upon further review, we conclude that the district court did not abuse its discretion when it refused to consider Jones's Fed. R. Civ. P. 59(e) motion to reconsider. Columbia Gas Transmission Corp. v. Ltd. Corp., 951 F.2d 110, 112 (6th Cir. 1991). The applicable local court rule, L.R. 7.1(c)(3), HN2 limits briefs, including footnotes and signatures, to twenty pages. Jones's brief in support of his motion to reconsider was thirty-five pages including signature. The Local Rule indicates that a party seeking to exceed the limit may apply in writing setting forth the reasons. In this case, Jones [**5] made no such application to the district court, and in fact provided no explanation whatsoever for his failure to follow the local court rule. Therefore, the district court did not abuse its discretion when it refused to consider Jones's Rule 59(e) motion.

Finally, the district court lacked jurisdiction to consider Jones's motion to reopen the case and motion for summary judgment because Jones filed his notice of appeal prior to filing this motion. HN3 A timely notice of appeal normally will divest the district court of jurisdiction. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 74 L. Ed. 2d 225, 103 S. Ct. 400(1982); Pittock v. Otis Elevator Co., 8 F.3d 325, 327 (6th Cir. 1993); Workman v. Tate, 958 F.2d 164, 167 (6th Cir. 1992).

Appeal No. 02-1997

In this appeal, Jones contends that the district court erred in denying him pauper status in appeal No. 02-1943. Per McGore v. Wrigglesworth, 114 F.3d 601, 611 (6th Cir. 1997), HN4 a prisoner can no longer challenge a district court's certification. Accordingly, this appeal is dismissed for lack of jurisdiction.

Accordingly, the district court's order denying various post-judgment [**6] motions to reopen Jones's civil rights action, to clarify why untimely objections were disregarded, and for summary judgment (appeal No. 02-1943), is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. Appeal No. 02-1997 is dismissed for lack of jurisdiction. All pending motions are denied as moot. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

View: Full | Custom                        ◄ 1 of 1 ►                Print | Download | Fax | Email | Text Only
                FOCUS™ | More Like This | More Like Selected Text | Shepardize® TOA
                     ⓐ Jones v. Kolb, 83 Fed. Appx. 779                                    Pages:    5

    Service:    Get by LEXSEE®
    Citation:   83 fed appx 779
    View:       Full
    Date/Time:  Thursday, May 27, 2004 - 2:36 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any Shepard's signal to Shepardize® that case.


         Search | Research Tasks | Search Advisor | Get a Document | Shepard's ®
Eclipse ™ | History | Delivery Manager | Practice Area Pages | Switch Client | Preferences | Feedback | Sign Off | Help
                          About LexisNexis | Terms and Conditions


             Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.